UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH F. VITA<br>    *Plaintiff,*<br>   v.<br><br>ASIAN RELIEF INC.<br>    *Defendant*<br><br>THE SISTERS OF MARY BANNEUX, INC.<br>    *Defendant.*<br><br>THE SISTERS OF MARY<br>    *Defendant*<br><br>TIMONY P. SCHWARTZ<br>    *Defendant* | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this case under Article III Section 2 of the United States Constitution and 28 U.S.C. § 1332 and because total damage exceeds $75,000.

2. Venue is appropriate under §28 U.S.C. § 1391(c)(2) because the Defendant Asian Relief Inc. is incorporated as a 501(c)(3) non-profit corporation in the District of Columbia.

### II. PARTIES

3. Joseph F. Vita, a non-attorney, is the former Chief Executive Officer of Asian Relief Inc. and currently resides at 1055 Sugar Maple Drive, Davidsonville, MD 21035.

4. Asian Relief Inc. ("ARI") is incorporated in the District of Columbia (D.C.) as a 501(c)(3) non-profit corporation, license number 400217000629, Federal Tax Number 52-1440944.

5. The Sisters of Mary of Banneux, Inc. ("SOMOB") is a non-profit corporation registered with the Security and Exchange Commission of the Republic of the Philippines under Registration No. 0000126019 and located at Brgy. Biga II, Silang 4118 Cavite, Philippines.

6. The Sisters of Mary ("SOM") is a Catholic congregation founded by the Venerable Msr. Aloysius Schwartz on August 15, 1964, decreed a Religious Institute of the Pontifical Right on March 2, 2000, and located at Brgy. Biga II, Silang 4118 Cavite, Philippines.

7. Timothy P. Schwartz Esq. has been a Board Member of "ARI" since 2015 and has been a member of the Washington DC Bar since October 3, 1986.

1

## III. FACTUAL BACKGROUND

8.  The Plaintiff, Joseph F. Vita, served ARI, SOMOB, and SOM for 24 years, including as an officer and later Chief Executive Officer of ARI. His employment ceased on April 1, 2016.

9.  On October 31, 2016, ARI, by Chief Operating Officer Maryline Lefebvre O'Shea, SOMOB, by Board Member Sister Elena Belarmino, and SOM by Vicaress General Sister Elena Belarmino and Vita entered into a Settlement Agreement and General Release governing Vita's exit from ARI ("Exit Agreement").

10. Exit Agreement Section 11 provides in relevant part "This Agreement contains the entire agreement among the Parties hereto."

11. Exit Agreement Section 13(b) provides, "The DC Code requires nonprofit corporations to indemnify directors and officers" and cites DC Code Section 29-406.52.

12. Section 13(c) of the Exit Agreement cites D.C. Code Section 29-406.51(a).

13. Exit Agreement Section 13(d) provides that "ARI hereby represents and agrees that it will fulfill its obligations under Article VIII of its By-Laws, as well as its indemnification requirements under DC Code Sections 29.406-51 and 29.406-52."[1]

14. Exit Agreement Section 13(f) provides in part, "ARI hereby agrees to provide reasonable legal representation to Mr. Vita with regard to the VMPE [*Villages du Monde Pour Enfants*] investigation. ARI will provide reasonable French counsel to Mr. Vita during the pending VMPE investigation. Based on the foregoing representations and warranties, ARI will pay Mr. Vita's reasonable legal expenses incurred for legal representation in connection with the VMPE investigation. Mr. Vita will identify legal counsel in France who is qualified to legally represent him with regard to the VMPE investigation. Upon submitting proper verification to ARI that his selected attorney is qualified and reasonable under the circumstances, ARI will promptly and timely pay for such legal expenses."[2]

15. On January 25, 2017, Vita requested legal-expenses indemnification of 30,000 Euros.

16. On January 26, 2017, ARI/SOMOB/SOM timely paid 30,000 Euros in legal expenses.

17. On February 21, 2017, Vita requested legal-expenses indemnification of 30,000 Euros.

18. On February 27, 2017, ARI/SOMOB/SOM timely paid 30,000 Euros in legal expenses.

---

[1] As quoted in Section 13(a), Article VIII of the ARI By-Laws provide "The corporation shall indemnify any person who is or was a director or officer of the Corporation against expenses and liabilities in connection with any proceeding involving any director or officer by reason of his being or having been such a director or officer, to the fullest extent now or hereafter permitted by the applicable law of the District of Columbia."

[2] Section 13(f) contains a choice of forum clause that provides "If any dispute occurs with regard to the foregoing indemnification, the Parties agree to resolve such dispute by filing an action with the Superior Court of the District of Columbia." The choice of forum clause is invalid, not binding, and should be disregarded as the product of undue influence and the overweening bargaining power. See *Bremen v. Zapata Offshore Oil Co.,* 407 U.S. 1 (1972).

19. On March 29, 2017, Vita requested legal-expenses indemnification of 50,000 Euros.

20. On April 6, 2017, ARI/SOMOB/SOM by Schwartz refused to pay those legal expenses.

21. On May 8, 2017, Vita requested legal-expenses indemnification of 30,000 Euros.

22. On May 11, 2017, ARI/SOMOB/SOM by Schwartz refused to pay those legal expenses.

23. On May 11, 2017, ARI/SOMOB/SOM by Schwartz offered, instead, to pay 20,000 Euros of the legal-expenses balance of 30,000 Euros.

24. On May 23, 2017, ARI/SOMOB/SOM by Schwartz refused to pay 10,000 Euros in legal expenses of the outstanding balance of 50,000 Euros.

25. On June 12, 2017, requested legal-expenses indemnification of 30,000 Euros.

26. On June 14, 2017, Vita requested indemnification of 2,150 Euros in legal expenses for translations of documents and exhibits in the French investigation.

27. On June 19, 2017, ARI/SOMOB/SOM timely paid 2,150 Euros for translations.

28. On June 19, 2017, ARI/SOMOB/SOM untimely paid 20,000 Euros in legal expenses.

29. On June 21, 2017, Vita requested indemnification of the outstanding legal-expenses balance of 10,000 Euros.

30. On June 23, 2017, ARI/SOMOB/SOM by Timothy Schwartz refused to pay the outstanding legal balance of 10,000 Euros.

31. On August 3, 2017, Vita requested indemnification of 1,800 Euros in legal expenses for translations of documents and exhibits in the French investigation.

32. On August 8, 2017, ARI/SOMOB/SOM timely paid 1800 Euros for translations.

33. On September 1, 2017, Vita requested indemnification for 950 Euros for translations.

34. On September 6, 2017, ARI/SOMOB/SOM timely paid 950 Euros for translations.

35. On September 12, 2017, Vita requested indemnification of 1,920 Euros in legal expenses for translations of documents and exhibits in the French investigation.

36. On September 20, 2017, 2017, ARI/SOMOB/SOM timely paid 1,920 Euros for translations.

37. On September 21, 2017, Vita requested indemnification of the outstanding legal-expenses balance of 30,000 Euros.

38. On September 21, 2017, ARI/SOMOB/SOM by Schwartz's associate Mark Gilday refused to pay the outstanding legal-expenses balance of 30,000 Euros.

39. On September 21, 2017, Vita's legal counsel in France David Honorat requested 30,000 Euros in legal expenses, warning a 4% per month penalty applies if payment is delayed.

40. On September 22, 2017, ARI/SOMOB/SOM timely paid 1920 Euros for translations.

41. On November 1, 2017, Vita requested indemnification for legal-expenses of 2,200 Euros for translations of documents in the French investigation.

42. On November 8, 2017 ARI/SOMOB/SOM, by Chief Financial Officer Cameron Menzies, questioned the need for translations of documents and exhibits in the French investigation.

43. November 9, 2017, ARI/SOMOB/SOM, by Chief Financial Officer Cameron Menzies, questioned the need for translations of documents and exhibits in the French investigation.

44. On November 9, 2017, Vita requested indemnification for legal expenses of 2,200 Euros for translations of documents in the French investigation.

45. On November 20, 2017, Attorney Honorat again requested payment of legal expenses of 30,000 Euros.

46. On November 20, 2017, Attorney Honorat informed Vita that translations of documents and exhibits in the French investigation were "essential" to "assure your defense."

47. On November 22, 2017, ARI/SOMOB/SOM, by CFO Cameron Menzies, informed Vita by email that indemnification for translations were "being considered by the Sisters of Mary."

48. On November 24, 2017, Vita attached a letter from Attorney Honorat regarding the essential nature of translations of documents and exhibits to an e-mail sent to ARI/SOMOB/SOM.

49. On November 24, 2017, Vita requested payment of the balance due for translations.

50. On November 28, 2017, ARI/SOMOB/SOM untimely paid 2,200 Euros requested by Vita for translations on November 1, 2017.

46. Of the 110,000 Euros in (non-translation related) legal expenses requested by Vita to date, ARI/SOMOB/SOM has indemnified Vita for 80,000 Euros of the legal fees requested.

47. Of the 11,280 Euros in translation-related legal expenses requested by Vita to date, ARI/SOMOB/SOM has indemnified Vita for 8,980 Euros of those translations expenses.

### IV. COMPLAINT ALLEGATIONS

The above averments of background facts are incorporated herein.

### A. BREACH OF CONTRACT

The Exit Agreement between Vita, ARI, SOMOB, and SOM is a valid contract, obligations and duties arise under that contract, ARI, SOMOB, and SOM have

breached those obligations by failing or refusing to indemnify Vita for legal expenses pursuant to contract Section 13(f), causing 38,980 Euros and interest in damages.

### B. TORTIOUS INTERFERENCE WITH CONTRACT I

The Exit Agreement between Vita and ARI, SOMOB, and SOM is a valid contract; Board Member Schwartz has knowledge of that contract; Schwartz intentionally procured breach of that contract; and, monetary, compensatory, and punitive damages resulted for the breach.

### C. TORTIOUS INTERFERENCE WITH CONTRACT II

The representation agreement between Vita and French Attorney David Honorat is a valid contract; Schwartz knows of that contract; Schwartz intentionally procured breach of that contract; and monetary, compensatory, and punitive damages resulted for that breach.

### D. NEGLIGENT SUPERVISION

ARI, SOMOB, and SOM owe Vita a duty of care in supervising Board Member Thomas Schwartz, his associate Mark Gilday, and Chief Financial Officer Cameron Menzies, related to the execution of the Exit Agreement, ARI, SOMOB, and SOM have breached that duty of reasonable care in supervising Schwartz, Gilday, and Menzies resulting in breach of the Exit Agreement, thereby resulting in damages to the interests of Vita.

### REMEDIES

1. Monetary damages 30,000 Euros and interest for Breach of Contract by ARI, SOMOB, and SOM.

2. Compensatory damages of 120,000 Euros and interest for Negligent Supervision by ARI, SOMOB, and SOM.

3. Punitive damages of 480,000 Euros and interest for Negligent Supervision by ARI, SOMOB, and SOM.

4. Compensatory damages of 120,000 Euros and interest for Tortious Interference by Timothy Schwartz with the Exit Agreement between Vita, ARI, SOMOB, and SOM.

5. Punitive damages of 480,000 Euros and interest for Tortious Interference by Timothy Schwartz with the Exit Agreement between Vita, ARI, SOMOB, and SOM.

6. Compensatory damages of 120,000 Euros and interest for Tortious Interference by Timothy Schwartz with the representation agreement of Vita and David Honorat.

7. Punitive damages of 480,000 Euros and interest for Tortious Interference by Timothy Schwartz with the representation agreement of Vita and David Honorat.

8. Attorneys fees and costs at the *Laffey* Matrix Rate of the Plaintiff's Counsel.

                                              */S/   Glenn Stephens* **12/11/2017**
Glenn Stephens Ph.D., Esq.
Bar No. # 472780
Federal Employees Defense, LLC 1725 I Street NW, Suite 300
Washington, DC 20006
202-258-6521
Drghs3@gmail.com

**CERTIFICATE OF SERVICE**

On December 11, 2017, a copy of the above was e-filed.

       */S/  Glenn Stephens  12/11/2017*
Glenn Stephens Ph.D., Esq.
Bar No. # 472780
Federal Employees Defense, LLC
1725 I Street NW, Suite 300
Washington, DC 20006
202-258-6521
drhghs@gmail.com