UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH F. VITA )<br>    *Plaintiff,* )<br>v. )<br>    )<br>ASIAN RELIEF INC. )<br>    *Defendant* )<br>    )<br>THE SISTERS OF MARY OF BANNEUX, INC. )<br>    *Defendant.* )<br>    )<br>THE SISTERS OF MARY )<br>    *Defendant* )<br>    )<br>TIMONY P. SCHWARTZ )<br>    *Defendant* )<br>    ) | Civil Action No. 17-cv-02654<br><br>Judge Rudolph Contreras |

**CROSS- AND COUNTER-CLAIMANT'S
MOTION FOR SECTION 1927 SANCTIONS**

For the reason detailed in the attached memorandum of law, the undersigned respectfully moves that this Court grant his Motion for §1927 Sanctions and award his market rate legal fees.

Respectfully Submitted,

  /S/ *Glenn Stephens*  4/01/2018
Glenn Stephens Ph.D., Esq.
Bar No. # 472780
Federal Employees Defense, LLC
1725 I Street NW, Suite 300
Washington, DC 20006
202-258-6521
Drghs3@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH F. VITA<br>        *Plaintiff,*<br>   v.<br><br>ASIAN RELIEF INC.<br>        *Defendant*<br><br>THE SISTERS OF MARY OF BANNEUX, INC.<br>        *Defendant.*<br><br>THE SISTERS OF MARY<br>        *Defendant*<br><br>TIMONY P. SCHWARTZ<br>        *Defendant* | Civil Action No. 17-cv-02654<br><br>Judge Rudolph Contreras |

**MEMORANDUM OF LAW IN SUPPORT OF CROSS- AND COUNTER-CLAIMANT'S MOTION FOR SECTION 1927 SANCTIONS**

**I. Facts**

The facts in this regard are relatively straight-forward. For roughly a year, the Defendants, their former counsel Mark Gilday and their current counsels, have attempted to justify breach of the indemnification clause of the Mr. Vita's exit agreement on the grounds that the Defendants' contractual obligations in this regard ceased when Mr. Vita's French legal fees reached €80,000.

The Defendants persisted in their breach even after Vita and the undersigned repeatedly reminded the Defendants, Gilday, and their current counsels that neither Vita's exit agreement nor his representation agreement with David Honorat in France included a €80,000 legal-fees cap.

Rather than litigating this matter, while serving as Mr. Vita's counsel, the undersigned, who specializes in settlement, tried over and over and over, to settle this case and to bring about a resumption of timely indemnification payments by the Defendants. But rather than settling and honoring their contract, the deep-pocketed Defendants forced Mr. Vita to litigate before this Court.

3

This litigation is the quintessence of sanctionable conduct under Section 1927. As Judge Contreras observed in *Alston v. Flagstar Bank, F.S.B.*, 969 F. Supp. 2d 14, 18 (D.D.C. 2013):

> Section 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." . . . The purpose of Section 1927 is to "allow the court to assess attorneys' fees against an attorney who [multiplies proceedings unreasonably or vexatiously].

Although the Circuit "has not established whether the standard . . . under 28 U.S.C. § 1927 should be 'recklessness' or the more stringent 'bad faith,'"[1] the conduct of attorney Schwartz, attorney Gilday, and the attorneys representing Defendants are sanctionable under either standard. These attorneys forced Vita and the undersigned to litigate based on the thin reed that they heard through the grapevine that Vita's French legal fees were capped at €80,000. Even when informed by the undersigned, on multiple occasions, that no such cap was in place, these attorneys persisted in their bad faith claims that a €80,000 cap absolved Defendants of their indemnification duties.

These attorneys' bad faith claims of €80,000 cap lack any colorable basis. See Exhibit 1. The legal representation between Joseph Vita and David Honorat provides for an hourly fee of €380. See Exhibit 1. The agreement between Vita and Honorat contains no €80,000 cap. Id.

This entire litigation is unnecessary, a needless waste of the time and resources of the Court and the parties. Whether Attorney Schwartz, attorney Gilday, or the attorneys representing the Defendants, these attorneys should have settled this matter by counseling the Defendants to honor their contractual indemnification obligations. Instead, whether recklessly or in bad faith, attorneys multiplied proceedings, engaged in sanctionable §1927 conduct by forcing needless litigation.

---

[1] *Peterson v. AT&T Mobility Servs.*, LLC, 134 F. Supp. 3d 112, 118 n.3 (D.D.C. 2015) citing *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 905, 330 U.S. App. D.C. 386 (D.C. Cir. 1998) citing *United States v. Wallace*, 964 F.2d 1214, 1218-19, 296 U.S. App. D.C. 93 (D.C. Cir. 1992) and *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 136-137 (D.D.C. 2013).

.       Based upon Exhibit 1 and the representations of Vita and the undersigned, there was no good faith basis for these attorneys' assertions regarding the cap. Their claims in this regard were frivolous, unreasonable, and in bad faith. Their sanctionable conduct resulted from their obstinate refusal to acknowledge that neither Mr. exit agreement nor his legal representation agreement with Honorat contained a €80,000 cap.  Under these circumstances, the sanction of awarding of market-rate legal fees to the undersigned and any market-rate legal fees incurred by Vita after the withdrawal of the undersigned is appropriate. See *Alberts v. Tuft* (*In re Greater Se. Cmty. Hosp. Corp.*), Nos. 02-02250, 04-10459, 2010 Bankr. LEXIS 2689, at *67 (Bankr. D.D.C. Aug. 9, 2010)(sanctioning attorney Alberts "pursuant to both 28 U.S.C. § 1927 and the inherent authority of the court" for legal fees "reasonably incurred because of [the sanctioned] conduct.")

Equity also favors the sanction of market-rate legal fees under § 1927. These attorneys' sanctionable conduct not only needlessly forced this litigation, but forced Vita to rob from Peter to pay Paul (or more accurately rob from Stephens to pay Honorat). As a result, Vita has failed to pay the undersigned $11,538.00 in legal fees. Awarding legal fees furthers four equitable ends – a) sanctioning the attorneys' vexatious conduct, b) compensating Vita for legal fees reasonably incurred due to the attorneys' sanctioned conduct, c) compensating the undersigned for legal fees reasonably incurred due to the attorneys' sanctioned conduct, and d) preventing Vita from reaping the windfall of unjustly enriching himself by gaining legal services without paying for them.

For these reasons, the undersigned respectfully moves for the imposition of sanctions.

                                                  Respectfully Submitted,

                                                    /S/  *Glenn Stephens*  4/1/2018
                                                  Glenn Stephens Ph.D., Esq.
                                                  Bar No. # 472780
                                                  Federal Employees Defense, LLC
                                                  1725 I Street NW, Suite 300
                                                  Washington, DC 20006
                                                  202-258-6521
                                                  Drghs3@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2018, a true, correct copy of the above was e-filed.

                                           **/S/   *Glenn Stephens* 4/01/2018**
                                           Glenn Stephens Ph.D., Esq.
                                           Bar No. # 472780
                                           Federal Employees Defense, LLC
                                           1725 I Street NW, Suite 300
                                           Washington, DC 20006
                                           202-258-6521
                                           Drghs3@gmail.com

# Exhibit 1



*En Cabinet Groupé*

Philippe Sedbon
Toque C 607
p.sedbon@24penthievre.com

SELARL 24 Penthièvre
David Honorat
Toque E 0122
d.honorat@24penthievre.com

Aurélie Scialom
Toque D 0053
a.scialom@24penthievre.com

**Monsieur Joseph VITA**
1055 Sugar Maple Drive Davidsonville
MD 21035
Etats-Unis

Paris, 2017, October 26th

Case :   VITA Joseph
        vs/ MP

*By e-mail*

Dear Sir,

In the continuation of my e-mail of last January 18th, I confirm you:

This agreement codifies our oral agreement that I will provide legal representation in the procedure which you are indicted for at the rate of 380 EUROS per hour (w/out taxes) and I will provide you with monthly invoices for said fees.

Best regards

**David HONORAT**
Attorney at law

24, rue de Penthièvre
75008 PARIS
Tél. : +33 (0)1 70 72 19 73
Fax : +33 (0)1 70 72 19 74
contact@24penthievre.com

Membres d'une Association de gestion agréée, acceptant à ce titre le règlement des honoraires par chèque